IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UBALDO RIVERA-COLÓN,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent | CIVIL 05-1411 (PG)<br>(CRIMINAL 00-0001 (PG)) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on a petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 filed by Ubaldo Rivera-Colón (hereinafter "petitioner") on April 19, 2005. (Docket No. 1.)

On April 26, 2000, the government issued a superseding indictment against 10 members of a drug trafficking organization, including Rivera-Colón. The petitioner was indicted in count one, with conspiracy to possess with intent to distribute more than 150 kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was also charged with a conspiracy to commit money laundering (count two) in violation of 18 U.S.C. § 1956(a)(1)(B)(I)(ii), and 1956(h), and two counts of bank fraud (counts three and five), in violation of 18 U.S.C. § 1344.

Pursuant to a plea agreement, on November 15, 2000, Rivera-Colón pled guilty to counts one, two, three and five. On June 28, 2002, petitioner was

CIVIL 05-1411 (PG)                                           2
(CRIMINAL 00-0001 (PG))

sentenced to an imprisonment term of 262 months. The sentence was appealed and on March 4, 2004, the court of appeals affirmed the conviction. <u>United States v. Rivera-Colón</u>, No. 02-1980, slip op. at 1 (1st Cir. March 4, 2004) (judgment); Criminal 00-0001 (PG), Docket No. 579. Rehearing and rehearing en banc were denied. <u>United States v. Rivera-Colón</u>, No. 02-1980, slip op. at 1 (1st Cir. May 4, 2004); Criminal 00-001(PG), Docket No. 582.

Petitioner raises four grounds for relief. Petitioner first claims that the district court erred in sentencing him according to the statutory framework, since the sentence of 262 months is unnecessarily excessive and does not reflect the court's weighing of 18 U.S.C. § 3553(a) factors. Second, petitioner asserts that his conviction on count one should be set aside because it is unconstitutional, since no trier of fact found that all elements of the offense were present. Rivera-Colón also claims that the sentence in count one is unconstitutional since there is no factual acceptance of the amount of drugs attributable to him that would trigger a maximum sentence. Lastly, petitioner argues that the sentence should be set aside since the defense of limitations should prevail.

### DISCUSSION

Under section 2255 of title 28, United States Code, a federal prisoner may move for post-conviction relief if:

> the sentence was imposed in violation of the Constitution
> or laws of the United States, or that the court was without
> jurisdiction to impose such a sentence, or that the

CIVIL 05-1411 (PG)                                                3
(CRIMINAL 00-0001 (PG))

>   sentence was in excess of the maximum authorized by law,
>   or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)).

A.

As part of his plea agreement and at the change of plea hearing, Rivera-Colón acknowledged that he entered the plea freely and voluntarily, and that no threats or promises were made to induce him to enter his plea of guilty. (Criminal 00-0001 (PG), Docket No. 304, at 7, ¶ 11; Docket No. 551, Change of Plea Hearing Tr. at 13:5-13:14, at 20:1-20:7; at 29:6-29:15). The record reflects that petitioner waived "to the full extent of the law any right to appeal or collaterally attack [his] conviction and whatever sentence [was imposed]. . . ." (Criminal 00-0001 (PG), Docket No. 551, Change of Plea Hearing Tr. at 20:17-20:20). At the plea colloquy,

CIVIL 05-1411 (PG)                                4
(CRIMINAL 00-0001 (PG))

he was asked if he was threatened or forced into waiving the rights to appeal or collaterally attack the sentence. Petitioner answered no. Petitioner also represented to the court that he was aware of the rights that he was waiving, and that he had discussed them with his attorney before signing the plea agreement. (Id. at 28:1-29:5).

Petitioner does not present a viable attack on his counsel's actions or inaction as to the waiver.

B.

Petitioner seeks to have the court set aside the conviction in count one, alleging that it is unconstitutional. Rivera-Colón argues that "[n]o trier of fact found that all elements of the offense were present in that count of conviction." (Docket No.1, Petitioner's Motion Under 28 U.S.C. § 2255, at 5, ¶ 1.) Rivera-Colón fails to specify which element of the offense was not proven. (Docket No. 5, Government's Opposition to Petitioner's Motion Under 28 U.S.C. § 2255, at 8, ¶ 1.) In addition, petitioner's argument that this matter is subject to collateral review, given that it constitutes "watershed rules" of criminal procedure is misplaced. Petitioner did not raise this issue on appeal.

Petitioner made a knowing voluntary plea. The version of the facts in the indictment was incorporated and made part of the plea stating, among other things, that petitioner knowingly and intentionally possessed with intent to distribute amounts in excess of 150 kilograms of cocaine. (Id. at 30:2-31:4.)

CIVIL 05-1411 (PG)                                  5
(CRIMINAL 00-0001 (PG))

The court in order to determine if there was a factual basis for the plea, as required by the Federal Rule of Criminal Procedure 11(b)(3), specifically asked the petitioner as to the acceptance of the facts stated in the plea agreement.

> THE COURT:  At paragraph 8 there is a set of facts here which under guideline 1B13 can been considered as relevant conduct and since you have signed the pre-sentence and plea-agreement, I presume then that you are in agreement with those facts, that they are true and accurate and that if this case had gone to trial, with those facts, the government could have proven you guilty beyond a reasonable doubt as to Counts 1, 2, 3 and 5.  Is that correct?
>
> THE DEFENDANT:  Yes, Your Honor.

(Id. at 17: 3-17:12; see also at 19:14-19:20.)

> THE COURT:  At paragraph number 9 the plea agreement says, "For the elements of the offense for each charge," are you aware of that? Did you read that also?
>
> THE DEFENDANT:  Yes, Your Honor

(Id. at 19:21-19:24.)

The court later asked petitioner:

> THE COURT:  And then I can presume that by signing this agreement you are in effect representing to the court that you are acting freely and voluntarily, that you are pleading guilty because, in fact, you are guilty.  Is that correct?
>
> THE DEFENDANT:  Yes, Your Honor.

(Id. at 29:6-29:11.)

CIVIL 05-1411 (PG)                              6
(CRIMINAL 00-0001 (PG))

Petitioner agreed to the facts stated in the plea agreement.  Upon request of the court, the government proffered a summary of the evidence in its possession in relation to count one.  (Id. at 38:1-38:14.) After having advised Rivera-Colón of his rights and the fact that he was waiving them by pleading guilty, the court found that he was pleading guilty with full knowledge of the consequences of his plea and that there was a basis in fact for the plea.  (Id. at 41:18-41:22.) His allegations as to this issue thus lack merit.

C.

Rivera-Colón submits that his sentence is unconstitutional since there is no factual acceptance of the amount of illegal substances attributed to him, and that his sentence was based on the amounts charged in the indictment for the whole conspiracy.  It is his contention that since the sentence was imposed on the basis of a guilty plea and the record does not reflect that there was an acceptance of the specific elements of the offense and to specific amounts of substances, he understands that the court adopted the statutory maximum from the mere allegations of the indictment and that this without more, cannot support the sentence.

The plea agreement held petitioner accountable for the possession with intent to distribute in excess of 150 kilograms of cocaine.  (Criminal 00-0001 (PG), Docket No. 304, at 3:24-3:26.)  Petitioner accepted the quantity in open court.  (Criminal 00-0001 (PG), Docket No. 551, Change of Plea Hearing Tr. at 14:23-14:25, at 15:1-

CIVIL 05-1411 (PG)                              7
(CRIMINAL 00-0001 (PG))

15:7.) Pursuant to U.S.S.G. § 2D1.1(C)(7), 150 kilograms of cocaine results in a base offense level of 38. An increase of four points was due to his role of a leader/organizer in the offense, pursuant to U.S.S.G. § 3B1.1(a), but since he accepted responsibility under U.S.S.G. § 3E1.1(a) he qualified for a two-point reduction. No other adjustments were recommended, nor was there any agreement as to the criminal history category. The total offense level was 40. (Criminal 00-0001 (PG), Docket No. 304, at 3:22-3:28, at 4:1-4:7, 4:26-4:28; Criminal 00-0001 (PG), Docket No. 551, Change of Plea Hearing Tr. at 14:23-14:25, at 15:1-15:14.) The guideline range provides for a sentence of imprisonment of 292 to 365 months. This was explained to the petitioner at his change of plea hearing in open court. (Criminal 00-0001 (PG), Docket No. 551, Change of Plea Hearing Tr. at 15:15-15:20.) At the sentencing hearing the court calculated a three-point reduction for accepting responsibility, instead of the two-point reduction granted at the change of plea, which resulted in a total offense level of 39. Based on that and a criminal history category of one, the guideline imprisonment range was from 262 to 327 months. The court sentenced petitioner to a term of imprisonment of 262 months. (Criminal 00-0001 (PG), Docket No. 554, at 53:18-54:7.)

      Petitioner claims that the district court erred in imposing a sentence as to count one without first making specific findings that he was personally accountable for any particular quantity of drug, but he has failed to establish that the district

CIVIL 05-1411 (PG)                                    8
(CRIMINAL 00-0001 (PG))

court erred in basing its sentence on the quantity to which he pled guilty and for which he was convicted.

Petitioner also alleges that there was no factual acceptance of the amount of drugs that would trigger a statutory maximum. This allegation is without merit. Petitioner's 262 months sentence was within statutory limits.

Petitioner's contention that the judgment should be vacated under <u>Apprendi</u> also lacks merit. Petitioner was sentenced on June 28, 2002 and on March 4, 2004 the sentence was affirmed by the court of appeals. <u>Apprendi</u> was decided on June 26, 2000, almost four years before petitioner's conviction became final, but petitioner never raised his claim before. The general rule is that claims that could have been raised on direct appeal, but were not, may not be raised on collateral review. <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003); <u>Bousley v. United States</u>, 523 U.S. 614, 621-622(1998); <u>García v. United States</u>, 371 F. Supp. 2d 11, 20 (D.P.R. 2005).

It cannot be denied that any fact that increases the maximum penalty permitted by law is an element of the offense which must be submitted to a jury and proven beyond a reasonable doubt. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 476 (2000). Petitioner has failed to establish that the district court erred in applying the rule established in <u>Blakely v. Washington</u> which states that the "'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the

CIVIL 05-1411 (PG)                                              9
(CRIMINAL 00-0001 (PG))

defendant." Blakely v. Washington, 542 U.S. 296, 303, reh'g denied, 542 U.S. 961 (2004) (emphasis in original). Since the guideline base offense level was supported by findings based on the facts and quantities stated in the guilty plea agreement, that petitioner was admitting conspiring to possess with the intent to distribute more than 150 kilograms of cocaine, petitioner's sentence under section 841(b)(1)(A) was appropriate. That sentence did not exceed the statutory maximum, hence it is not in violation of the rule established in Blakely or Apprendi, even if such rules were to be applied retroactively. This issue lacks merit.

### D.

It is petitioner's contention that the conspiracy count charge was barred by the statute of limitations. He argues that the government deceived him by leading him to enter a plea based on an incorrect legal and factual basis. It is the government's contention that Rivera-Colón waived the right to assert a statute of limitation defense by entering a plea of guilty.

Petitioner submits a statement submitted under penalty of perjury, by Rivera-Colón's lawyer at the time of negotiations with the United States Attorney's Office. ( Docket No. 1, Statement Under Penalty of Perjury, Attach. 1.) The declaration clearly states that the statute of limitation defense on the conspiracy charges was raised by counsel during the course of the negotiations prior to the change of plea. During said meeting the government alleged that even if the last overt act (narcotics transaction) performed by Rivera-Colón was in 1994, the monies from those

CIVIL 05-1411 (PG)                              10
(CRIMINAL 00-0001 (PG))

operations were laundered in the years thereafter, thus continuing the conspiracy into the statutory period. (Id. at ¶¶ 3-4.) It was due to those facts that petitioner's attorney "recommended Mr. Rivera to accept the offer to plea out his case under the terms of the plea and cooperation agreement tendered by the prosecution." (Id. at ¶ 5.)

During Rivera-Colón's change of plea, no mention was made of the defense of limitations. Nevertheless, Rivera-Colón later recognized in a statement read at his sentencing hearing that notwithstanding the statute of limitations defense he was pleading guilty. (Criminal 00-0001 (PG), Docket No. 491, Statements on Mitigation of Punishment, at 3.)

Circuit courts have recognized that the statute of limitations is a waivable affirmative defense and therefore does not affect a court's jurisdiction. Acevedo Ramos v. United States, 961 F.2d 305, 307 (1st Cir. 1992). In United States v. Thurston, the court explains that there is a difference between forfeiting a right and waiving a right. That is, "[a]bsent an explicit agreement to waive the defense" it would be understood as forfeited instead of waived. United States v. Thurston, 358 F.3d 51, 63 (1st Cir. 2004), vacated on different grounds, 125 S. Ct. 984 (2005). The court goes further in specifying that a right is deemed waived when there is "an intentional relinquishment or abandonment of a known right. . . ." Id.

When a defendant enters a plea of guilty to an indictment it is an admission of guilt and a waiver of all non-jurisdictional defects. By entering a plea of guilty a

CIVIL 05-1411 (PG)                                              11
(CRIMINAL 00-0001 (PG))

defendant is effectively waiving his right to raise the defense of statute of limitations. United States v. Thurston, 358 F.3d at 63 n.10 (citing Acevedo Ramos v. United States, 961 F.2d at 308). It is not required to specifically waive any conceivable defense that might be raised at trial, for the defense of limitations to be deemed waived. See Acevedo Ramos v. United States, 961 F.2d at 308.

Petitioner's allegations that the government deceived him lacks merit. Rivera-Colón was aware of the possibility of seeking dismissal of the charges on limitation grounds. Waiting until after the court dictates sentence to raise the limitations defense in order to get the judgment vacated "is inconsistent with the characterization of the statute of limitations as an affirmative defense and would unfairly sandbag the government." United States v. Thurston, 358 F.3d at 63.

## CONCLUSION

In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be DENIED without a hearing .

Under the provisions of Rule 72(d), Local Rules District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further

CIVIL 05-1411 (PG)                    12
(CRIMINAL 00-0001 (PG))

appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F. 2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980)

At San Juan, Puerto Rico, this 28th day of November, 2005.

S/ JUSTO ARENAS
Chief United States Magistrate Judge