IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **UBALDO RIVERA-COLÓN**, Petitioner, | * * * * | |
| v. | * * | Civil No. 05-1411 (PG) Related to Crim. No. 00-001(PG) |
| | * | |
| **UNITED STATES OF AMERICA**, Respondent. | * * * | |

## OPINION AND ORDER

This Court has before it Petitioner's Objections to the Magistrate Judges's report and Recommendation, in which Chief Magistrate Judge Justo Arenas recommended that Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 be denied. The Magistrate Judge concluded that Petitioner had validly waived his right to appeal and his right to collaterally attack his sentence, that he pled guilty with full knowledge of the consequences of his plea and that there was a basis in fact for the plea, that the plea agreement held him accountable for the possession with intent to distribute in excess of 150 kilograms of cocaine and that he accepted the amount in open court, that there was no violation of the rules established in Apprendi and Blakely, even if such rules were to be applied retroactively, and that he waived the right to assert a statute of limitation defense by entering a plea of guilty. In accordance with the mandate set forth in 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation, the Petitioner's objections to said

Civil No. 05-1411 (PG)
Criminal No. 00-001(PG)                                          Page 2

report, and the record as a whole.  Based upon this *de novo* review, the Court concludes that the Magistrate Judge's Report and Recommendation should be approved and adopted in its entirety. Accordingly, Petitioner's motion made pursuant 28 U.S.C. § 2255 is **DISMISSED**.

## I. BACKGROUND

The full factual and procedural history of this action and Petitioner's related criminal case (Crim. No. 00-001(PG)) is set forth in the Magistrate's Report and Recommendation.

On April 19, 2005, Petitioner filed the instant action pursuant to 28 U.S.C. § 2255 (D.E. 1), and the Government responded on June 30, 2005. (D.E. 5).

The Court referred the matter to a Magistrate Judge for a Report and Recommendation ("R & R"). (D.E. 2).  On November 28, 2005, Chief Magistrate Judge Justo Arenas issued a Report and Recommendation recommending dismissal of the Petition and informed the parties that if they objected to any portion of his recommendation, they had to file written objections within ten days after being served with a copy of his recommendation. (D.E. 6).  On January 10, 2006, this Court adopted the unopposed Magistrate's Report and Recommendation (D.E. 7).  However, inasmuch as this Court found that Petitioner's counsel had presented legitimate reasons, i.e., car accident, for not filing timely Objections to the Report and Recommendation (D.E. 11), the Order and Judgment of January 10, 2006 was vacated on March 8,

```
Civil No. 05-1411 (PG)
Criminal No. 00-001(PG)                                          Page 3
```

2006. (D.E. 13). Afterwards, the Court considered the Objections filed by Petitioner Rivera-Colón. The Court has undertaken a *de novo* review of the record.

## II. STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard, and a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals. Santiago v. Canon, U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998); United States v. Vega, 678 F.2d 376, 379 (1st Cir.1982) ("There can be no appeal from a magistrate's report and recommendation unless objections are filed thereto." ). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*. Jasty v. Wright Medical Technology, Inc., 528 F.3d 28, 33 (1st Cir. 2008). The Federal Rules of Civil Procedure dictate this standard of review in Rule 72 (b), which states, in relevant part:

> The district court to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Civil No. 05-1411 (PG)
Criminal No. 00-001(PG) Page 4

Fed.R.Civ.P. 72(b).

The relevant statute, 28 U.S.C. § 636(b)(1), provides that when a party objects to a magistrate judge's recommendation on a matter, the district court "shall make a *de novo* determination of ... [the] recommendation[ ]." The district court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] made by the magistrate judge." § 636(b)(1). And, in conducting its *de novo* review, the district court "may ... receive further evidence [on] the matter." § 636(b)(1).

If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation; 12 Wright, Federal Practice § 3070.2.

### III. DISCUSSION

Petitioner Rivera-Colón has filed objections to the Report and Recommendation, reiterating arguments in support of his claims. The Court has reviewed these objections, and to the extent that the objections reiterate the arguments already presented in the Petition, the objections are overruled for the reasons discussed in the Report and Recommendation. Petitioner also raised an entirely new argument regarding ineffective assistance of counsel. Petitioner's objections to the Magistrate Judge's well-reasoned Report and Recommendation and

Civil No. 05-1411 (PG)
Criminal No. 00-001(PG)                                          Page 5

his belated ineffective assistance of counsel argument are unavailing for several reasons.

First, Petitioner challenges his waiver of appeal and collateral attack to his sentence. Petitioner argues "[s]trong emphasis is given by the Magistrate in his Report to the fact the Petitioner waived his right to appeal, thus foreclosing on his opportunity to raise the challenges brought forth in his Sec. 2255 claim." See, Objection, p. 1, D.E. 15. Petitioner makes no allegation here that he misunderstood the nature or effect of the waiver provision, nor does he contest the language of that waiver, which plainly states that he knows he has a right to appeal and to seek post-conviction relief and specifically waives these rights. Moreover, the record unquestionably supports the conclusion that Petitioner's waiver of appeal and post-conviction rights was entered into knowingly and voluntarily. Petitioner signed the plea agreement which clearly states that he has read and that he fully understands the terms of the agreement. In addition, the Court conducted an inquiry of Petitioner at the time of sentencing to determine whether he understood the nature and consequences of the waiver provision. (C.O.P. Tr. 20-21). No reason appears why this Court's finding of a knowing, voluntary waiver of § 2255 rights, entered as part of a negotiated plea agreement with the effective assistance of counsel, was erroneous or why such a finding would work an injustice under present circumstances. Based on this, Petitioner's instant § 2255

Civil No. 05-1411 (PG)
Criminal No. 00-001(PG)                                              Page 6

application is improper.  More so, despite of the waiver of appeal, Petitioner brought a direct appeal where he argued most of the same issues raised in the instant action.  The First Circuit decided as follows:

> "After a thorough review of the record and of the parties' submissions, we affirm. We assume without deciding that appellant's breach of plea agreement claim was not waived as part of the plea agreement. Even if the claim is not waived, it lacks merit. The standard for challenging the government's decision not to file a 5K1.1 motion is a stiff one, see United States v. Doe, 233 F.3d 642, 644 (1st cir. 2000), and the government met its minimal burden of production by showing rational, nondiscriminatory reasons for its decision. Rivera failed to show that those proffered reasons were arbitrary. Therefore, we see no error in the district court's denial of Rivera's motion for specific performance of the plea agreement. Any claim that the charges were barred by the statute of limitations was waived by Rivera's guilty plea, see Acevedo-Ramos v. United States, 961 F.2d 305, 308-09 (1st Cir. 1992); and is, in any event, subject to Rivera's waiver of his appeal rights. See United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001). Affirmed."

United States v. Rivera-Colón, Appeal No. 02-1980 (1st Cir. March 4, 2004)(Unpublished).

The balance of Petitioner's objections are a meritless reiteration of his initial arguments concerning voluntariness of guilty plea, the amount of in excess of 150 kilograms of cocaine which he admitted in open court, the Apprendi/Blakely/Booker rules, none of which is applicable here, and ineffective assistance of counsel.

The Court notes that the ineffective assistance of counsel argument was not presented to the Magistrate Judge.  This Court will

Civil No. 05-1411 (PG)
Criminal No. 00-001(PG)                                               Page 7

not consider this argument for the following reasons. First, this argument is not properly before the Court because Petitioner did not file leave to amend his § 2255 motion with this new argument, and because the one-year statute of limitations to assert this argument had expired. See 28 U.S.C. § 2255 (f).  Rather, Petitioner just filed this new argument as part of the Objections to the Magistrate Judge's Report and Recommendation.  Second, this new argument does not specifically address a point raised in the Report and Recommendation. Rule 72 (d) of the Local Civil Rules for the United States District of Puerto Rico provides that a party may object to a Magistrate Judge's proposed findings, recommendations or report within 10 days after being served.  The party must file and serve written objections that "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Loc. R. 72 (d).  Thus, the Magistrate Judge's Report should not be disturbed on the basis of a waived argument. See Maurice v. State Farm Mut. Auto Ins. Co., 235 F.3d 7, 10 (1st Cir. 2000)("The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceedings"). Petitioner asserts no exceptional circumstances for his failure to have presented these issues to the Magistrate Judge.

```
Civil No. 05-1411 (PG)
Criminal No. 00-001(PG)                                          Page 8
```

Finally, even if Petitioner's ineffective assistance of counsel argument was properly before this Court, it is without merit and does not warrant relief.

In sum, this Court agrees with the Magistrate Judge and finds that Petitioner is not entitled to relief under any of the other arguments set forth in his § 2255 motion.

Accordingly, after due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** in its entirety.  A final judgment dismissing this case with prejudice will issue by separate document.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 30th of September, 2008.


                                    S/JUAN M. PÉREZ-GIMÉNEZ
                                    Senior United States District Judge